UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BANKEN,<br><br>    Plaintiff(s),<br> v.<br><br>CHRISTINE E. WORMUTH,<br><br>    Defendant(s). | CASE NO. C24-06071-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

   This matter comes before the Court on Defendant's motion to dismiss for failure to state a claim. Dkt. No. 26. For the foregoing reasons, the Court grants Defendant's motion to dismiss.

**I. BACKGROUND**

   Plaintiff Daniel Banken filed this case against Defendant Christine E. Wormuth, the Secretary of the Army, on March 3, 2024. Dkt. No. 1. The first five pages of the complaint consists of a completed *pro se* form, wherein Plaintiff checked boxes indicating that he is suing the Army for discrimination on the basis of age and sex and for retaliation "for engaging in protected EEOC activity." *Id.* at 2. Plaintiff also checked a box for "other" claims, but did not explain these other claims, instead referencing the attached exhibits. *Id.* Likewise, Plaintiff checked the box requesting relief from the Court, but did not specify what remedy he seeks; rather, he again referred to the exhibits. *Id.* at 4. While one page of the *pro se* form includes some

narrative, it is not clear how these allegations fit together or interact with the cited exhibits. *See* Dkt. No. 1 at 4.

Including all its attachments, the complaint spans 499 pages. *See* Dkt. No. 1. While Plaintiff's exhibits include a final agency decision denying his EEOC complaint based on age discrimination and retaliation, it is unclear how that decision pertains to all of the claims identified in the complaint. *See* Dkt. No. 1-2. The remaining attachments include an agency decision letter in response to Plaintiff's FOIA request, various discovery responses, a response brief from the EEOC complaint, and an EEOC hearing transcript. Dkt. Nos. 1-3, 1-4, 1-5.

On January 21, 2025, Defendant moved to dismiss the complaint for failure to state a claim. Plaintiff filed a response,[1] which Defendant replied to.[2] The matter is now ripe for the Court's consideration.

## II.    ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a claim, Plaintiff cannot merely give a formulaic recitation of a

---

[1] Under the Court's Local Rules, Plaintiff's opposition was due on February 11, 2025. Local Rules W.D. Wash. LCR 7(d)(4). Plaintiff filed his response brief nearly one week late. *See* Dkt. No. 30. Given Plaintiff's *pro se* status and the Court's preference for rendering decisions on the merits, the Court will consider Plaintiff's response at this time, but nonetheless cautions Plaintiff that the Court may disregard future untimely filings. Further, to the extent Plaintiff styles his opposition brief as a motion for summary judgment, the motion is denied. Plaintiff's motion is premature, as no discovery has taken place in this action, and it also fails to set forth evidence of undisputed facts as required by Federal Rule of Civil Procedure 56.

[2] Plaintiff also filed a surreply without leave from the Court and in violation of the Local Rules. *See* Dkt. No. 32; *see also* LCR 7(d)(4), (g). The Court will not consider this improper filing.

ORDER GRANTING MOTION TO DISMISS - 2

cause of action's elements or a conclusory assertion of liability without any factual basis. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012).

Because Plaintiff proceeds *pro se*, the Court holds his complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). This means that the Court construes Plaintiff's pleadings liberally and affords him "the benefit of any doubt." *Id.* However, the Court cannot serve as an advocate for pro se litigants, and cannot "supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). "[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

Here, even while construing the complaint liberally, Plaintiff fails to state a legally cognizable right of action. Despite the volume of exhibits, the complaint is bereft of factual allegations supporting his discrimination claims. Exhibits are "not a substitute for a well-pled complaint[.]" *Briggs v. Aetna Pharmacy Mgmt.*, No. 3:24-cv-05681-TMC, 2024 WL 5264824, at *2 (W.D. Wash. Dec. 4, 2024); *Crary v. Washington*, No. 3:24-CV-5666-TMC, 2024 WL 4729499, at *3 (W.D. Wash. Sept. 23, 2024), *report and recommendation adopted*, No. 3:24-CV-5666-TMC, 2024 WL 4722142 (W.D. Wash. Nov. 8, 2024) (declining to consider exhibits "as a replacement for a well-pled complaint"). The Court must stress that "it is Plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting each claim." *Nguyen v. Del Toro*, No. 3:25-CV-5100-TMC, 2025 WL 474328, at *2 (W.D. Wash. Feb. 12, 2025). Neither the Defendant nor the Court is expected to sift through Plaintiff's numerous attachments to "glean what claims for relief might lay hidden" in Plaintiff's exhibits. *Id.* Such style of pleading violates Rule 8. *Brown v. California*, No. 23-55813, 2024 WL 4198684, at *1 (9th Cir. Sept. 16, 2024). As a result, the Court grants the motion to dismiss.

ORDER GRANTING MOTION TO DISMISS - 3

However, unless no amendment can cure the complaint's defects, a *pro se* litigant is entitled to an opportunity to amend before dismissal. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Because it is unclear as to whether Plaintiff can cure the defects in his complaint, the Court grants Plaintiff leave to amend.

### III.  CONCLUSION

For these reasons, the Court GRANTS Defendant's motion to dismiss (Dkt. No. 26) and GRANTS leave to amend. The Court directs Plaintiff to file a First Amended Complaint no later than 30 days after the filing of this order.

Dated this 3rd day of March, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge