UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BANKEN,<br><br>                Plaintiff(s),<br>   v.<br><br>CHRISTINE E. WORMUTH,<br><br>                Defendant(s). | CASE NO. C24-06071-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE |

This matter comes before the Court on the Plaintiff's motion for summary judgment. Dkt. No. 34. Plaintiff is proceeding *pro se*. While Plaintiff requests oral argument, the Court concludes that oral argument is not necessary. Local Rules W.D. Wash. LCR 7(b)(4). Having considered the relevant record, the Court denies Plaintiff's motion as premature (Dkt. No. 34), and grants Defendant's Rule 56(d) request (Dkt. No. 37 at 5). The Court also denies Plaintiff's motion to strike as moot.[1] Dkt. No. 42.

### I. BACKGROUND

In May 2020, Plaintiff Daniel Banken filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming age discrimination and retaliatory conduct based on incidents that occurred between 2010 and 2021. Dkt. No. 34 at 3–4, 45. In March 2024,

---

[1] Plaintiff moved to prospectively strike any sur-reply by Defendant. Dkt. No. 42. Defendant never filed a sur-reply, and thus, this issue is moot.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE - 1

Plaintiff filed suit against Christine E. Wormuth, the Secretary of the Army, in her official capacity, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and retaliation in violation of Title VII. *Id.* On March 3, 2025, the Court dismissed Plaintiff's initial complaint and granted Plaintiff leave to amend within 30 days. Dkt. No. 33. Plaintiff amended his complaint, and simultaneously filed a motion for summary judgment. Dkt. Nos. 34, 35. The parties have fully briefed the motion, and the matter is ripe for the Court's consideration. Dkt. Nos. 34, 37, 40.

## II.  ANALYSIS

Defendant argues that Plaintiff's motion should be denied as premature. Dkt. No. 37 at 3. Defendant also moved under Rule 56(d) for further discovery. *Id.* at 5. Plaintiff argues that discovery has already been conducted and closed, pointing to the administrative proceedings that occurred before Plaintiff filed this suit. Dkt. No. 36 at 2.

The Court agrees with Defendant. Plaintiff's motion for summary judgment is premature and should be denied on that basis. "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). That said, "[g]enerally, summary judgment is inappropriate before the parties have had an opportunity for discovery." *Sowa v. Ring & Pinion Serv. Inc.*, No. 2:21-cv-00459-RAJ-BAT, 2021 WL 6334930, at *2 (W.D. Wash. Sept. 9, 2021), *report and recommendation adopted*, No. 2:21-cv-00459-RAJ-BAT, 2022 WL 73879 (W.D. Wash. Jan. 7, 2022); *Encinas v. Univ. of Washington*, No. 2:20-CV-01679-TL, 2022 WL 4598083, at *8 (W.D. Wash. Sept. 30, 2022); *see also Mayes v. Int'l Markets Live*, No. 2:22-CV-01269-TL, 2023 WL 7212555, at *6 (W.D. Wash. Nov. 2, 2023) (citing *Tex. Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982), *cert. denied*, 460 U.S. 1029 (1983)).

Here, no case schedule has been entered, and discovery has not commenced. Moreover, despite Plaintiff's contentions, Defendant is entitled to a fair opportunity to develop the record in *this* district court proceeding, even if related EEOC proceedings and investigations were completed before this litigation. *See* Dkt. No. 36 at 2; *Head v. Wilkie*, 784 F. App'x 503, 506 (9th Cir. 2019) (reversing the district court's denial of a Rule 56(d) motion for discovery because the plaintiff did not have a fair opportunity for discovery in an employment discrimination case); *Encinas*, 2022 WL 4598083, at *2, 8 (denying summary judgment as premature even though plaintiff previously filed an EEOC charge). *C.f. Despanie v. Henderson*, No. C 00-3028 CRB, 2001 WL 253213, at *8 (N.D. Cal. Feb. 28, 2001) (denying plaintiff's Rule 56(d) motion because plaintiff had ample time to conduct discovery in a related *district court case*), *aff'd*, 34 F. App'x 350 (9th Cir. 2002). While the EEOC has a right to obtain evidence related to the investigated charge, its investigative authority is limited, and more information may be born out of discovery in this case. *See generally U.S. Equal Emp. Opportunity Comm'n v. Kaiser Found. Hosps.*, No. 2:19-mc--00175-JAK-FFM, 2019 WL 7494905, at *3 (C.D. Cal. Dec. 11, 2019) (outlining EEOC's investigative authority), *report and recommendation adopted*, No. 2:19-mc-00175-JAK-FFM, 2020 WL 70885 (C.D. Cal. Jan. 3, 2020). Similarly, the charging party does not have a right to discovery during the EEOC investigation. *See Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-02252-CRB (JSC), 2014 U.S. Dist. LEXIS 109436, at *7 (N.D. Cal. Aug. 7, 2014). Therefore, the Court will not decide Plaintiff's motion for summary judgment on an undeveloped factual record.

Additionally, Defendant has satisfied the requirements under Rule 56(d). An opposing party may challenge a premature summary judgment motion by showing via "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," after which the Court may defer or deny the motion and allow time for discovery. Fed. R. Civ. P.

56(d). Defendant has sufficiently identified the facts it hopes to elicit through discovery. Dkt. No. 37 at 5–6, Dkt. No. 38.

The Court therefore denies Plaintiff's motion for summary judgment without prejudice. Plaintiff may move for summary judgment after the factual record is developed, if appropriate.

### III. CONCLUSION

The Court DENIES Plaintiff's motion for summary judgment (Dkt. No. 34) and GRANTS Defendant's Rule 56(d) request (Dkt. No. 37). The Court DENIES as moot Plaintiff's motion to strike. Dkt. No. 42.

Dated this 14th day of May, 2025.

Kymberly K. Evanson
United States District Judge