1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL BANKEN,

                 Plaintiff(s),

     v.

DANIEL P. DRISCOLL,

                 Defendant(s).

CASE NO. C24-06071-KKE

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS

Plaintiff Daniel Banken, proceeding pro se, seeks summary judgment on his discrimination claims against the United States Army and sanctions for alleged discovery misconduct. Because Banken does not meet the standard of Federal Rule of Civil Procedure 56, his motion for summary judgment is denied. Similarly, the Court concludes sanctions are unwarranted.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing that there is no genuine issue of material fact and that they are entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Styling his motion as "unopposed," Banken argues he is entitled to summary judgment and sanctions against the Army because the Army has refused to serve initial disclosures consistent with the case schedule. Dkt. No. 91 at 4-6. In response, the Army submitted unrebutted evidence

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS - 1

1

2

3

4

5

6

7

8

that it served its disclosures via a document sharing link and a disc sent by certified mail. Dkt. No. 94. Banken also contends the links sent were expired. Dkt. No. 91 at 3. In response, the Army provides correspondence showing that when Banken indicated that the document sharing link had expired, the Army provided Banken with a new, unexpired link. *Id.* at 2, Dkt. No. 94-3. The Army further responds that Banken's summary judgment motion is merely seeking belated reconsideration of previously denied motions. Finally, the Army argues that to the extent Banken seeks relief under Federal Rules of Civil Procedure 37 or 11, he has failed to satisfy the meet and confer requirements of Rule 37 and the pre-filing notice requirements of Rule 11.

9

10

11

12

13

14

15

16

17

18

19

20

21

The Court agrees with Defendant. Banken's motion for summary judgment fails to establish that there are no genuine issues of material fact in dispute such that Banken would be entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Nor has Banken cited any legal authority or facts suggesting that "terminating sanctions" are appropriate for alleged deficiencies in initial disclosures. Dkt. No. 95 at 3–4. To that end, it appears from the record that the Army did in fact serve initial disclosures consistent with the case schedule. *See* Dkt. No. 94. Moreover, to the extent Banken complains that the Army did not provide a summary of damages (Dkt. No. 95 at 3), as the Defendant in this matter, it is not required to do so. Accordingly, Banken's repeated assertions that the Army has not complied with the case schedule by failing to provide initial disclosures are unfounded. Finally, Banken's motion suggests that he has not yet responded to the Army's discovery requests, rendering his motion for summary judgment premature. *See* Fed. R. Civ. P. 56(b). In sum, there is no basis on which the Court could grant Banken's motion for summary judgment.

22

23

24

The same is true of Banken's related requests for discovery sanctions. Though Banken continues to assert that the Army's initial disclosures were not provided, the record belies this claim. Moreover, Banken did not meet and confer with counsel for the Army regarding his

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS - 2

discovery concerns, in violation of Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37. Banken has already been warned that failure to comply with Court rules and orders may result in monetary sanctions. *See* Dkt. Nos. 73, 86. This order is Banken's last warning. Future failures to meet and confer or continued misrepresentations of the record in this case will result in sanctions.

Banken's motion (Dkt. No. 91) is DENIED.

Dated this 17th day of October, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS - 3