UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BANKEN,<br><br>　　　　　Plaintiff(s),<br>　v.<br>DANIEL P. DRISCOLL,<br><br>　　　　　Defendant(s). | CASE NO. C24-06071-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND |

Now before the Court is Plaintiff Daniel Banken's "Rule 59(e) motion to alter or amend judgment," which he files "pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7(h)(1)." Dkt. No. 99 at 1. Plaintiff cites multiple conclusions from the Court's prior order (Dkt. No. 98), asserting each statement amounts to a "manifest error." Dkt. No. 99 at 4, Dkt. No. 100.

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3D ED. 2000)). The Local Rules of this district indicate that motions for reconsideration are, in general, "disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Such motions will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1)–(2). Though the Court has discretion to reconsider a prior order for

ORDER DENYING PLAINTIFF'S MOTION TO AMEND - 1

manifest error, a motion for reconsideration does not "provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

Upon review of Plaintiff's motion, the Court finds no manifest error. *See Gaskill*, 2012 WL 13026648, at *1 (a manifest error is "an error that is plain and indisputable"). As explained previously, the record shows that the Army served Plaintiff with its initial disclosures via a link and a disc sent by certified mail. Dkt. No. 98. at 1–2. Plaintiff apparently elected not to open the link when it was served, and thus, it expired, requiring Defendant to send a new link, which it did. Dkt. No. 94-3. Plaintiff's delay does not render Defendant's initial service untimely. Exclusion of evidence under Federal Rule of Civil Procedure 37(c) therefore does not apply and there was no manifest error in the Court's prior order. Moreover, as the Court noted in the prior order, even if the Army had failed to timely serve its initial disclosures, which the record does not reflect, Plaintiff articulated no legal or factual basis on which any alleged service delay would support entering summary judgment in Plaintiff's favor. Dkt. No. 98 at 2.

Plaintiff also argues that the Court "applied the wrong legal standard" by observing that Plaintiff failed to meet and confer regarding this discovery dispute. Dkt. No. 99 at 6. This district's local rules require parties to meet and confer on discovery disputes in advance of raising them with the Court. *See* LCR 37 (a)(1). The Court did not err in requiring Plaintiff to follow the local rules.

Finally, Plaintiff does not provide any new evidence or legal arguments that could not have been presented in his prior motion. *See generally* Dkt. No. 99. Instead, Plaintiff's motion generally repeats facts and arguments that this Court already considered and rejected. *See* Dkt.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND - 2

Nos. 91, 98, 99.  Because Plaintiff's motion does not meet the high standard necessary to warrant reconsideration, the motion is DENIED (Dkt. No. 99).

Dated this 30th day of October, 2025.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND - 3