UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BANKEN,<br><br>                   Plaintiff(s),<br>   v.<br><br>DANIEL P. DRISCOLL,<br><br>                 Defendant(s). | CASE NO. C24-06071-KKE<br><br>ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS |

Now before the Court are multiple filings by pro se Plaintiff Daniel Banken including: (1) "Notice of Clear Errors and Request for Record Correction" (Dkt. No. 104), (2) "Supplemental Brief in Support of Motion for Summary Judgment (Dkt. 69)" (Dkt. No. 105); (3) "Notice of Emergency Request for Immediate Ruling and Enforcement of Relief" regarding Dkt. No. 69 (Dkt. No. 106); and (4) "Supplemental Exhibit in Support of Emergency Notice" (Dkt. No. 107).  Also before the Court is Defendant's motion to compel discovery, extend the case schedule, and for sanctions.  Dkt. No. 108.  Having reviewed Banken's filings, Defendant's motion, and the relevant record, the Court denies Banken's request for record correction (Dkt. No. 104), strikes Banken's supplemental filings (Dkt. Nos. 105, 106, 107), and grants Defendant's motion (Dkt. No. 108).

//

//

//

ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS - 1

## I.  DISCUSSION

The Court assumes familiarity with the facts of the case, which involves claims of employment discrimination and retaliation.  *See* Dkt. No. 34.  This order follows two orders on Banken's prior motions for summary judgment.  *See* Dkt. Nos. 98, 103. In those motions, Banken argued that Defendant failed to timely serve him with initial disclosures, and this failure triggered an automatic sanction under Federal Rule of Civil Procedure 37(c)(1).  Dkt. No. 91 at 6.  In turn, Defendant "forfeited [his] right to be heard on the facts," leaving "no genuine issue of material fact" for the Court to consider.  *Id.*  The Court expressly rejected this argument twice, finding that Defendant timely served initial disclosures and that in his motion, on the merits, Banken "fail[ed] to establish that there are no genuine issues of material fact in dispute" entitling him to judgment as a matter of law.  Dkt. No. 98 at 2.  After the Court denied Banken's first motion for reconsideration, Banken filed numerous additional briefs over a relatively short period of time. The Court turns to each below.

**A.  Banken's request for record correction and supplemental filings**

1.  <u>The Court denies Banken's motion requesting record correction.</u>

Banken's first filing (Dkt. No. 104), styled as a "request for record correction," is effectively another motion for reconsideration.  The request seeks reconsideration of Banken's previous motion for summary judgment (Dkt. No. 91), which the Court previously denied (Dkt. No. 98), and has already reconsidered (Dkt. No. 103).  For the reasons set forth in the Court's previous denial of Banken's motion for reconsideration, the Court denies Banken's request for record correction.  Dkt. No. 104.

2.  <u>Banken must follow the Federal and Local Rules of Procedure.</u>

Banken's second filing (Dkt. No. 105), provides supplemental briefing on his prior motion for summary judgment.  As with prior motions for summary judgment, Banken again argues that

ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS - 2

his motion is unopposed, and that Defendant "has failed to produce any evidence" which contradicts his outline of "undisputed material facts." Dkt. No. 105 at 3. Such failure to produce evidence, in Banken's view, "is a tacit admission that no genuine factual dispute exists." Dkt. No. 105 at 3. Banken's third and fourth filings outline harms he asserts he has suffered as the result of Defendant's alleged actions, and as the result of this litigation. *See* Dkt. Nos. 106, 107.

Banken's slew of "supplemental" filings are improper and do not aid the Court's resolution of this case on the merits. Importantly, such filings violate this district's local rules. Under Local Rule 7(b)(3), a party filing a motion is entitled to a single reply brief. The Local Rules further provide that, if a party wishes to supplement or correct a filing, they must file a praecipe requesting that the Court consider the document and explaining "why the document was not included with the original filing." Local Rules W.D. Wash. LCR 7(m). But praecipes and supplemental filings are exceptions to the general rule that "[p]arties are expected to file accurate, complete documents" the first time, "and the failure to do so may result in the court's refusal to consider later filed corrections or additions to the record." *Id.* "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Banken is further advised that, in addition to violating this district's local rules, such "piecemeal or unnecessary filings only slow down the resolution of [his] claims." *McNae v. ARAG Ins. Co.*, 2:24-CV-00211-TL, 2025 WL 2579734, at *3 (W.D. Wash. Sep. 4, 2025) (striking supplements to the record not filed in line with this district's local rules). Because they are improper, the Court strikes Banken's supplemental filings (Dkt. Nos. 105, 106, 107). *See id.*

ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS - 3

**B.      The Court Grants Defendant's Motion to Extend the Case Schedule and Compel Discovery.**

Defendant requests that the Court extend the case schedule as follows: (1) Banken's responses to Defendant's pending discovery requests shall be served no later than two weeks from the date of this order; (2) Banken shall confer in good faith with Defendant's counsel and set a date for his deposition within four weeks from the date of this order; (3) the deadline to file discovery motions shall be extended to six weeks from the date of this order; and (4) all remaining case deadlines and the trial date be extended accordingly.  Dkt. No. 108-1.

Defendant provides email evidence showing that Banken refused to respond to Defendant's interrogatories or sit for a deposition.  As the basis for his refusal, Banken asserted the same argument the Court had already rejected twice.  Dkt. No. 109-3 ("I was not served with initial disclosures or expert witness disclosures by the August 11 … deadlines … Under FRCP 37(c)(1), I will not be responding to interrogatories or appearing for deposition.").  The Court, for a third time, rejects this argument—now in the context of Banken's refusal to participate in discovery.  Via email, Banken also cited "pending requests" before the Court as a basis not to respond to interrogatories or appear for a deposition.  *Id.* at 2.  This defense, too, is unavailing—Banken cites no legal authority or rule that entitles him to an automatic stay of case deadlines while he awaits rulings from the Court.

Banken counters that Defendant's interrogatories amount to "oppression" under Federal Rule of Civil Procedure 26(c) as they request information "memorialized in the very files Defendant withholds."  Dkt. No. 110 at 6.  A party seeking protection under Rule 26(c) must show "good cause" why a protective order is necessary, and that, "[f]or good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

1210–11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992).  Banken has failed to articulate a specific reason why interrogatories propounded by Defendant will cause him particular harm, and thus, the Court rejects his argument.[1]

Given Banken's refusal to comply with Defendant's discovery requests, the Court finds good cause to extend the case schedule, and thus grants both Defendant's requests to compel discovery and to extend the case schedule.  *See* LCR 16(b).

**C.      Imposition of Sanctions**

The Court possesses "inherent powers," not conferred by rule or statute, "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962).  "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991)).  Sanctionable conduct includes "willful disobedience of a court order" as well as "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021); *see also Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004).  The Court "may, among other things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award attorneys' fees, or assess fines." *Am. Unites*, 985 F.3d at 1088.

---

[1] On January 21, 2026, Banken filed a notice indicating he had served Defendant with responses to interrogatories on January 20, 2026.  Dkt. No. 113.  In light of Banken's past unjustified refusal to participate in discovery, the Court finds good cause to grant Defendant's requested relief even if Banken has now belatedly provided some answers to Defendant's interrogatories. The same is true with respect to the imposition of monetary sanctions, as discussed below.

ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS - 5

1.   Monetary sanctions are warranted.

The Court previously warned Banken that failure to comply with the Court's instructions, failure to meet and confer with Defendant, or continued misrepresentations of the record would result in sanctions, including monetary sanctions.  Dkt. Nos. 86, 98.  In its October 17, 2025 order, the Court specifically found that Plaintiff's "repeated assertions that [Defendant] has not complied with the case schedule by failing to provide initial disclosures are unfounded," and that "the record belies" such a claim.  Dkt. No. 98 at 2.  Since that warning, Plaintiff has repeated the same argument in multiple filings before the Court, and used it as a basis to refuse Defendant's requests for discovery (despite the Court having rejected it in two separate orders).  He has also refused to meet and confer with counsel for Defendant, in further defiance of this Court's order and its local rules. *See* Dkt. No. 109-3 at 2; Dkt. No. 108 at 9.  The Court appreciates that Banken is pro se and believes he has much at stake in this litigation, but his conduct nevertheless evinces a pattern of willful disobedience of the Court's orders.  Specifically, in light of Banken's repeated noncompliance with the Court's October 17, 2025 and October 30, 2025 orders (Dkt. Nos. 98, 103), imposition of a monetary sanction is appropriate at this time.  The Court therefore orders Banken to pay a sanction of $100.00, to be deposited with the Clerk of Court, no later than February 23, 2026.  Failure to comply may result in additional sanctions, including dismissal of this case.

2.   Banken is warned that continued failure to comply with the Court's orders will result in dismissal.

Under Federal Rule of Civil Procedure 37(b)(2), the Court may dismiss an action where a party fails to comply with its discovery orders.  Fed. R. Civ. P. 37(b)(2).  Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"  Fed. R. Civ. P. 41(b).  Here, Plaintiff has now filed

ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS - 6

five motions for summary judgment before the factual record in this case has been developed. Banken is warned that continued failure to comply with the Court's orders or refusal to participate in discovery will result in dismissal of this case under Rules 37 and/or 41.

## II.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion (Dkt. No. 108), DENIES Banken's request for correction of the record (Dkt. No. 104), STRIKES Banken's supplemental filings (Dkt. Nos. 105, 106, 107), and ORDERS as follows:

1. The Court finds that Plaintiff Daniel Banken has willfully ignored its orders, made multiple vexatious filings, and refused in bad faith to participate in discovery, and therefore enters sanctions against Banken under its inherent power to manage its docket, in the amount of $100.00.  Banken shall deposit a sum of $100.00 with the Clerk of Court no later than 5:00 pm on February 23, 2026.  If Banken fails to comply, additional sanctions, including dismissal of this case, may be imposed.

2. To the extent not already accomplished, Banken shall serve full, good-faith responses to the Army's pending discovery requests no later than February 6, 2026.

3. Banken shall confer in good faith with the Army's counsel and set a date for his deposition no later than February 20, 2026.

4. The deadline to file discovery motions in this case shall be extended to March 6, 2026. The Clerk is directed to issue an amended case schedule in line with this order, and using the Court's standard offset dates for remaining deadlines.

5. The Court cautions Banken that further failure to participate in good faith in discovery, ignoring this Court's orders, or further frivolous filings on the docket, may result in entry of further sanctions against him, up to and including dismissal of this lawsuit.

ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS - 7

Dated this 23rd day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON DISCOVERY, CASE SCHEDULE, AND SANCTIONS - 8