UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BANKEN,<br><br>Plaintiff(s),<br>v.<br><br>DANIEL P. DRISCOLL,<br><br>Defendant(s). | CASE NO. C24-06071-KKE<br><br>ORDER DENYING RECONSIDERATION |

Citing Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7(h)(1), Plaintiff asks the Court to reconsider its order granting Defendant's motion for summary judgment and denying Plaintiff's motion in his age discrimination case against the United States Army. Dkt. No. 131. Plaintiff asks the Court to "withdraw" numerous findings with respect to Plaintiff's failure to raise genuine issues of material fact (Dkt. No. 131 at 6) and argues that several conclusions in the Court's prior order (Dkt. No. 129) amount to manifest error.

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3D ED. 2000)). The Local Rules of this district indicate that motions for reconsideration are, in general, "disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Such motions will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or

legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1)–(2). Though the Court has discretion to reconsider a prior order for manifest error, a motion for reconsideration does not "provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

In his motion, Banken does not offer new evidence but rather asserts the record before the Court at summary judgment compelled a decision in his favor, such that the Court's conclusion to the contrary constituted manifest error. Dkt. No. 131 at 6. Upon review of Plaintiff's motion, the Court finds no manifest error. *Gaskill*, 2012 WL 13026638, at *1 (a manifest error is "an error that is plain and indisputable"). Rather, Banken's motion generally repeats facts and arguments that this Court already considered and rejected and merely expresses disagreement with the conclusions the Court reached.

Because Plaintiff's motion does not meet the high standard necessary to warrant reconsideration, the motion is DENIED. This case remains closed.

Dated this 16th day of September, 2026.

Kymberly K. Evanson
United States District Judge